IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ARNOLD SIMONE FAY,<br>  Petitioner, | § § § | |
| v. | § § | CIVIL ACTION NO. H-05-4129 |
| DOUG DRETKE,<br>  Respondent. | § § § | |

## MEMORANDUM OPINION AND ORDER ON DISMISSAL

State inmate Arnold Simone Fay has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, challenging a 1992 robbery conviction. After considering the pleadings and the applicable law, the Court **DISMISSES** this petition as time-barred.

### I. PROCEDURAL BACKGROUND AND CLAIMS

According to his petition and the state appellate court opinions, petitioner was convicted of robbery in 1992 and sentenced to fifty years incarceration. The conviction was affirmed on appeal under *Anders v. California*, 386 U.S. 738, 744 (1967), and, by separate opinion, on petitioner's *pro se* brief. *Fay v. State*, No. 01-92-00160-CR (Tex. App. – Houston [1st Dist.] 1995, no pet.); *Fay v. State*, No. 01-92-00160-CR (Tex. App. – Houston [1st Dist] 1993, no pet.). Petitioner's application for state habeas relief, filed on May 26, 2005, remains pending.

Petitioner filed this federal petition on September 30, 2005, raising four challenges to his 1992 conviction.

## II. DISCUSSION

### A. The One-Year Statute of Limitations

The pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2). Although the statute of limitations is an affirmative defense, district courts may raise the defense *sua sponte* and dismiss a petition prior to any answer if it "plainly appears from the face of the petition and any exhibits annexed to it that the

2

petitioner is not entitled to relief in the district court." *Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999).

In this case, petitioner's conviction became final for purposes of the one-year limitations at the conclusion of direct review or the expiration of the time for seeking such review. Petitioner's conviction was affirmed on February 9, 1995, and he did not seek discretionary review with the Texas Court of Criminal Appeals. Accordingly, his conviction became final for purposes of the AEDPA limitations thirty days later, on or about March 11, 1995. That date triggered the AEDPA statute of limitations, which expired one year later on or about March 11, 1996. Petitioner's pending federal petition, filed in 2005, is time-barred unless an exception applies.

**B.    Statutory Tolling**

Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state habeas relief or other collateral review is pending shall not be counted toward the limitations period. *Artuz v. Bennett*, 531 U.S. 4 (2000). Petitioner's state habeas application, filed in 2005, was filed after expiration of the one-year AEDPA limitation, and did not toll limitations. No grounds for application of 28 U.S.C. § 2252(d)(1)(B), (C), or (D), or for application of any equitable tolling provision under AEDPA, are alleged or shown by the record before this Court. Accordingly, there is no statutory or other basis to save petitioner's untimely petition. This pending habeas petition is barred by the AEDPA one-year limitation period.

## III. CONCLUSION

Petitioner's request for habeas relief is **DENIED**, and this petition is **DISMISSED WITH PREJUDICE** as time-barred. Any and all pending motions are **DENIED AS MOOT**. A certificate of appealability is **DENIED**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 12th day of December, 2005.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE